## NEW-LONDON LITERARY AND SCIENTIFIC INSTITUTION *v.* PRESCOTT.

The condition of a subscription paper, by which a signer bound himself to pay $500, providing $5,500 more should be raised in the city of C., is not performed unless that amount is in good faith subscribed, or is actually paid by residents of C.   The condition is not performed by

New-London Institution *v.* Prescott.

subscriptions to that amount, of responsible residents of C., if it was understood by the payee, and any of the subscribers, that they should pay nothing, and that understanding has been carried out, although the payee might have compelled them to pay the whole amount of their subscriptions.

APPEAL from the decision of the commissioner of the estate of Abraham Prescott, late of Concord, deceased, disallowing the claim of the plaintiff. The case was submitted upon the following agreed statement of facts :

Abraham Prescott, the defendant's intestate, signed a subscription paper, payable to the plaintiff, with this condition above his signature : "*Provided* $6,000 shall be raised in the city of Concord, N. H., for the above object, I will pay $500 of it."

Said $6,000 was subscribed by citizens of Concord, and $500 of that sum by one Corning, under the following circumstances : One Eaton, an agent of the Institution, at various times urged him to subscribe, but he declined to do so. Afterward, in the presence of Eaton and one Colby, of New-London, a trustee of the Institution, at the request of one Gilmore, a citizen of Concord, Corning subscribed, without reading the paper, upon Gilmore's oral promise that he would see the subscription paid. Prior to and at the time of signing, Corning had no understanding or agreement with Eaton or Colby, or with any one else than Gilmore, as above stated, that he should not pay the subscription. The first instalment of Corning's subscription was paid, when due, by Gilmore, and the balance thereof by Colby. And for the purposes of the case it was agreed that Colby subsequently paid the amount of said first instalment to Gilmore. Corning received printed notices to pay the instalments, but took no notice of them, and was never otherwise requested to pay anything.

The deceased gave his note to the Institution for the first instalment of his subscription, when it became due,

which note was a part of the claim of the Institution. The parties agreed to this statement of facts for the purpose of taking the opinion of the court, reserving to each party the right to a trial by jury upon the whole case.

*Chandler*, for the plaintiff.

*Marshall*, for the defendant.

DOE, J. The note was given for the first instalment of the subscription, and not to settle a suit or disputed claim, and has no other consideration than the consideration of the subscription, and the case is as if the note had not been given.

The only question is, whether $500 was raised in the city of Concord by Corning's subscription. Corning subscribed solely upon Gilmore's promise to see the subscription paid, and, from the facts stated, the conclusion is unavoidable that the plaintiff, by its agents, procured Gilmore to procure Corning to subscribe, with an understanding between the plaintiff and Gilmore that neither Gilmore nor Corning should pay anything. If Corning had nominally subscribed $5,500, the whole amount necessary to make Prescott's subscription binding, for the sole purpose of making it binding, and upon an express agreement with the Institution that he should pay nothing, and that agreement were carried out, it would probably not be claimed that Prescott would be liable. And the case is not changed by the introduction of Gilmore as an agent or sub-agent. Corning's subscription was evidently obtained for the purpose of binding Prescott. It was not understood by Corning, Gilmore, or any of the plaintiff's agents, that Corning was to pay it. It has not been paid by Corning, or by any resident of Concord, but it has been nominally paid, and probably with the plaintiff's money. When Prescott made it a condition precedent

that $6,000 should be raised in Concord, he did not understand that the condition would be fulfilled by subscriptions of residents of Concord which the plaintiff should never collect, or expect or intend to collect, and which it should be agreed at the time of making the subscriptions should not be collected.　Whether the term "raised" means "subscribed," or "paid," the amount of Corning's subscription was not raised in Concord, within the meaning of the term, as used by Prescott.　To say that Corning was able and legally liable to pay, is to say that form is sufficient, and substance unessential.　A creditor is not bound by a deed of his debtor, fraudulent as to him, although the form of the conveyance may be unexceptionable, and although the debtor may have conveyed his property, without consideration, beyond his power to recover it, if his grantee chooses to hold it.　If Corning could not have legally avoided payment in case the plaintiff had attempted to enforce it, that fact would not conclude the rights of the defendant, but he may inquire whether Corning's subscription was intended to be what it appeared, or whether it was intended to be a very different thing.

*Judgment for the defendant, unless the plaintiff elects a trial by jury.*